IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL VEIN DIXON, | No. CIV S-07-0549-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 13) based on the statute of limitations. Petitioner has not filed an opposition to the merits of respondents' motion to dismiss.[1]

/ / /

/ / /

---

[1] Petitioner filed a "traverse." However, he argues that respondents' motion to dismiss should not be granted because respondents failed to obey the court's order to answer the petition. Petitioner does not challenge respondents' statement of the relevant procedural history or offer any argument in opposition to the contentions raised in respondents' motion.

1

# I. BACKGROUND

Pursuant to a guilty plea, petitioner was convicted of possession of a controlled substance, attempted robbery, three counts of attempted murder, and twenty counts of robbery. Petitioner also admitted 23 sentencing enhancements and was sentenced to a determinate term of 45 years on November 21, 1986. Petitioner did not file a direct appeal.

Petitioner then filed six pro se habeas corpus actions in state court, as follows:

| | | |
|---|---|---|
| First petition | – Sacramento County Superior Court<br>– Filed October 17, 2002<br>– Denied November 13, 2002 | |
| Second petition | – California Court of Appeal<br>– Filed November 25, 2002<br>– Denied November 27, 2002 | |
| Third petition | – Sacramento County Superior Court<br>– Filed July 20, 2004<br>– Denied August 3, 2004 | |
| Fourth petition | – Sacramento County Superior Court<br>– Filed August 17, 2005<br>– Denied September 7, 2005 | |
| Fifth petition | – California Court of Appeal<br>– Filed October 7, 2005<br>– Denied October 14, 2005 | |
| Sixth petition | – California Supreme Court<br>– Filed November 16, 2005<br>– Denied August 16, 2006 | |

The instant federal petition was signed by petitioner on February 1, 2007, and filed on March 21, 2007.[2]

/ / /

/ / /

/ / /

/ / /

---

[2] There is no proof of service attached to the petition, and no indication when it was delivered to prison officials for mailing to the court.

## II.  DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, ___ U.S. ___ (Nov. 5, 2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to

a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, ___ U.S. ___ (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Respondents argue the instant petition is untimely. The court agrees. Here, petitioner did not seek direct review. Therefore, his conviction became final 60 days following the state court's judgment, or on January 20, 1987. Because this date is before the effective date of the statute of limitations, the one-year period began to run in this case on April 25, 1996. See Miles, 187 F.3d at 1105. By the time petitioner filed his first post-conviction action in state court in 2002, the one-year period had elapsed. Therefore, petitioner is not entitled to tolling for any of the time his various petitions were pending, or for any of the time between petitions. See Nino,

1983 F.3d at 1006-07.  Therefore, the instant petition is untimely and must be dismissed.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.   Respondents' motion to dismiss (Doc. 13) be granted;

2.   This petition be dismissed as untimely; and

3.   The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 20, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE